IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON

    Plaintiff,

vs.

PUBLIC STORAGE FRANCHISE, INC., et al.,

    Defendants.
_____/

No. 2:09-cv-03197 KJN

ORDER

        Presently before this court is defendants Public Storage Franchise, Inc., Public Storage Inc., PS Orangeco, Inc., Public Storage Properties, IV, LTD, Partners Preferred Yield III Inc., and Public Storage Properties, V, LTD's (collectively, "Defendants") motion to dismiss plaintiff's first cause of action for injunctive relief from his first amended complaint and motion to stay the proceedings (the "motions"). The motions were heard before the undersigned on May 6, 2010, at 10:00 a.m.

        For the reasons set forth below, the motions will be denied without prejudice.

Motion to Dismiss

        Defendants' motion to dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, seeks dismissal of plaintiff's "first cause of action for injunctive relief under the

Americans with Disabilities Act, as alleged in the First Amended Complaint, for lack of subject matter jurisdiction." (Dkt. No. 22 at 2.) A motion brought pursuant to Rule 12(b)(1) is a challenge to the court's jurisdiction over the subject matter of the complaint. When ruling on a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the court takes the allegations in the complaint as true. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). However, the court is not restricted to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988) (collecting cases), cert. denied, 489 U.S. 1052 (1989); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) ("A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence.").

Defendants contend that plaintiff lacks standing to sue all seven storage facility defendants because plaintiff's "intention to patronize the facilities is plausible only as to the one closest to his home." (Dkt. No. 22 at 9.) Defendants argue, in essence, that (1) plaintiff has apparent access to storage facilities that are closer to his home; (2) even if plaintiff wanted to rent space from a "Public Storage" brand storage facility, it is implausible that plaintiff would not rent from the Public Storage facility nearest his home and instead would rent from the seven others named in the complaint; and (3) even if plaintiff had a need for seven self-storage units, it is implausible that he would rent those units at seven different storage facilities. As alleged in the first amended complaint, plaintiff has a need for various types of storage accommodations which include climate controlled and non-climate controlled units, large, small or mid-sized units and parking storage. (Dkt. No. 10 at 4.) Plaintiff alleges that all seven Public Storage locations are within fifteen minutes of his residence. Id.

The law is clear that the court may not, on a Rule 12(b)(1) motion to dismiss, speculate as to the plausibility of plaintiff's allegations. Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1121 (9th Cir. 2010) (citing Bernhardt v. County of Los Angeles, 279 F.3d

2

862, 867 (9th Cir. 2002)). "On a motion to dismiss for lack of standing, a district court must accept as true all material allegations in the complaint, and must construe the complaint in the nonmovant's favor." Id. Doing so here, plaintiff has alleged: that he needs various types of storage facility accommodations; that he actually visited all of defendants' storage facilities which are located within fifteen minutes of his residence; that he found numerous architectural barriers; and that he was deterred and had to forego additional visits to all of defendants' locations. (Dkt. No. 10.)

Even construing defendants' 12(b)(1) motion as a factual, rather than facial attack on the complaint, see White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000),[1] plaintiff has furnished evidence necessary to satisfy his burden of establishing subject matter jurisdiction. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). Plaintiff's declaration in opposition to defendants' motions reiterates the aforementioned allegations of the first amended complaint. Plaintiff also explains in his declaration that he needs to return to all seven locations to take advantage of Public Storage's marketing discounts. (Dkt. No. 29-2 at 1.) Plaintiff has identified specific reasons which support his attempt to visit and desire and intent to return to defendants' businesses, and hence has alleged sufficient facts to show concrete, particularized injury. Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1137-38 (9th Cir. 2002) (rejecting a narrow construction of the ADA). The authority cited by defendants does not warrant dismissal of the first amended complaint for lack of standing. See Gordon v. Virtumundo, Inc., 575 F.3d 1040, 1069 (9th Cir. 2009) ("we accord standing to individuals who sue defendants that fail to provide access to the disabled in public accommodations as required by the Americans with Disabilities Act ("ADA") even if we suspect that such plaintiffs are hunting for violations just to file

---

[1] A Rule 12(b)(1) motion can be made as a speaking motion, also known as a factual attack, when the defendant submits evidence challenging the jurisdiction along with its motion to dismiss. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). In ruling on this type of factual attack, the court may consider evidence outside the complaint without converting the motion into a summary judgment motion. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

1  lawsuits.") (citing <u>Molski v. Evergreen Dynasty Corp.</u>, 500 F.3d 1047, 1061-62 (9th Cir. 2007)).
2  However, this motion will be denied without prejudice. Should it become apparent, at any point
3  in this litigation, that the court lacks subject matter jurisdiction, the defendants, or the court sua
4  sponte, may raise this issue.

5  <u>Motion to Stay</u>

6  Defendants also move to stay these proceedings "in light of a prior action pending
7  in the United States District Court for the Southern District of California, *David Singletary and*
8  *Jon Carpenter v. Public Storage*, Case No. 3:09-cv-01533-DMS-POR." (Dkt. No. 22 at 2.)
9  According to defendants, the *Singletary* plaintiffs allege that they went to several Public Storage
10 brand storage facility locations in San Diego and were denied access. Further, defendants state
11 that the *Singletary* plaintiffs propose to pursue their case as a class action on behalf of "[a]ll
12 persons who are currently being denied full and equal access or were being denied full and equal
13 access in the past 3 years from the date of filing of this action, under Title III of the Americans
14 with Disabilities Act of 1990 . . . and Regulations promulgated thereunder . . . to one or more of
15 defendant's storage facilities in California because they are persons with disabilities who use
16 wheelchairs for mobility or are semi-ambulatory that have a disabled placard and are aggrieved by
17 the following access barrier at any such storage: Lack of wheelchair and/or semi-ambulatory
18 parking that meet access requirements." (Dkt. No. 22 at 5.) Defendants state that the *Singletary*
19 plaintiffs' motion for class certification is set for hearing on July 9, 2010. (Dkt. No. 22 at 5.)

20 Defendants aver that the court should use its broad discretion to stay proceedings
21 in this case because to do so would promote judicial economy without negatively impacting the
22 plaintiff. Yet the necessity or even propriety of a stay at this stage is not clear. The witnesses in
23 the Southern California cases will be different, the factual basis for the denial of access claims are
24 presumably different because the Public Storage physical locations are different, and, notably,

25
26

1 class action certification may not even be granted in the *Singletary* action.² The mere specter of a
2 class action in a similar case does not render the request for a stay ripe for adjudication.  This
3 court declines to exercise its discretion to stay this action, particularly where it is unclear whether
4 the independent proceedings will indeed "bear upon the case." See Leyva. v. Certified Grocers of
5 Calif., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979).  Therefore, the motion to stay this action will
6 be denied without prejudice.

7 CONCLUSION

8       For the foregoing reasons, it is HEREBY ORDERED that defendants' motion to
9 dismiss and motion for stay are DENIED without prejudice.³

10 **IT IS SO ORDERED.**

11 DATED: May 6, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

² Defendants' counsel indicated at oral argument that the *Singletary* defendants may oppose the motion for class certification.

³ The court will issue a separate status (pretrial scheduling) order following the status conference held in this action on May 6, 2010.